# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

August 18, 2017

**VIA ELECTRONIC FILING (ECF)**
The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007-1312

> **Re:**  ***Thelwell v. City of New York, et al.***
> **Docket No.: 17-cv-005888 (DAB)**

Dear Judge Batts:

We represent Plaintiff Winsome Thelwell in the above-captioned matter. We write in response to the City of New York's ("City") August 17, 2017 letter (Dkt. # 10) ("August 17 Letter") requesting that "the instant case be reassigned to the Honorable John G. Koeltl as a related case." The City argues that this matter "is substantially similar to <u>Winsome Thelwell v. The City of New York</u> 13-cv-1260 (JGK), ('First Action') which was recently tried in front of Judge Koeltl." The City's argument is flawed.

Contrary to the City's position, the First Action and the instant action are markedly dissimilar. Both involve different parties, do not share common questions of law and fact, do not arise from the same series of events or facts and are at different procedural posture. Accordingly, the City's request should be denied, on a number of grounds.

### 1.  The Instant Action Involves Wholly Different Facts and Claims

Rule 42(a) of the Federal Rules of Civil Procedure "empowers a trial judge to consolidate actions for trial when there are common questions of law or fact," and where consolidation will avoid needless costs or delay. <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990); <u>see also</u> <u>Devlin v. Transp. Commc'ns Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999).  If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate. <u>Stewart v. O'Neill</u>, 225 F.Supp.2d 16, 21 (D.D.C. 2002).

The instant action alleges retaliation based on the filing of the First Action and briefly and broadly details the positions at issue in the First Action. <u>See</u>, Complaint at ¶¶ 22 – 27. The Complaint does not name any individuals sued in the First Action as involved in the acts and omissions of the instant action. The only pertinent fact about the First Action is that it was filed and used by Defendants to retaliate against Plaintiff.

**MADUEGBUNA COOPER LLP**

**The Honorable Deborah A. Batts**
**August 18, 2017**
**Page 2 of 3**

The City argues that the only issue tried in the First Action was retaliation against Plaintiff for filing the First Avtion and that the instant action alleges further retaliation for the same lawsuit. The City likewise argues that since Plaintiff referenced the First Action in her Complaint and may use these factual allegations as background evidence, there is a need to transfer the instant action to Judge Koeltl. See, August 17 Letter at page 2.

Contrary to the City's assertions, the retaliation in the First Action and the retaliation at bar are considerably different and involve two distinct sets of facts arising from distinct and separate actions and actors. Nnebe v. Daus, 2008 WL 706579 at * 1 (S.D.N.Y. Mar. 5, 2008). In short, the retaliation action that was tried involved former Civilian Complaint Review Board ("CCRB") Executive Director Tracy Catapano-Fox, who was bothered by the First Action and took a series of steps to retaliate against Plaintiff for filing it, including imposing unwarranted discipline upon her. The retaliation claims against Ms. Catapano-Fox do not overlap at all with the methods employed by Defendant Mina Malik ("Malik"), the individual who became Executive Director of CCRB in 2015, long after Ms. Catapano-Fox left the agency.

Here, Malik denied Plaintiff promotion that she admitted Plaintiff was well-qualified for, and remarked that she denied her the promotion because she did not want to be associated with "things that had happened" with Plaintiff before Malik joined CCRB. See, Complaint at ¶¶ 33 – 35, 41 – 47. Plaintiff was retaliated against in other ways, including giving her additional duties and responsibilities outside the scope of her position and title. See, Complaint at ¶¶ 53 – 54.

Plaintiff intends to use the background evidence of the First Action only to show the type of environment existing at CCRB, and not in any other way. Given that the facts and claims in the instant action are not related to those of the First Action, there is no unnecessary duplication of judicial effort, and the case should not be transferred to Judge Koeltl. SDNY CIV. R. 1.6(a).

### 2. Transfer to Judge Koeltl is not in the Interests of Justice or Efficiency

#### i. The First Action is on Appeal

Under Rule 13(a), it is not in the interests of justice or efficiency to transfer a supposedly related case to the judge that handled the prior case when said prior case is closed. See, Irish Lesbian and Gay Organization v. Giuliani, 918 F.Supp 728, 729 – 730 (S.D.N.Y. 1995). Moreover, if there are no "concerns for duplicative discovery, overlapping briefing schedules, conflicting pretrial proceedings, or other sources of potential inefficiency that are envisioned by" RDB 13(a), and no substantial savings of judicial resources, consolidation is not warranted. Id.

The City is trying to transfer the instant action to Judge Koeltl, when the First Action is closed and has been for several months. Id. at 730. In addition, since the First Action is closed, there will be no duplicative discovery, overlapping briefing schedules or conflicting pretrial proceedings. Id. at 729 – 730.

**MADUEGBUNA COOPER LLP**

**The Honorable Deborah A. Batts**
**August 18, 2017**
**Page 3 of 3**

A transfer under these circumstances would not therefore serve the interests of justice or efficiency. See, RDB 13(a)(1)(A – B). The First Action and instant action are not even pending in the same courts. The First Action went to trial beginning April 26, 2017, and the jury reached a defense verdict on May 4, 2017. Plaintiff filed her Notice of Appeal on June 2, 2017, and her brief is due in the Second Circuit Court of Appeals next month (First Action Dkt. No. # 167). There are thus no conflicting orders or duplication of effort, expense or undue burden on the Court. RDB 13(a)(1)(C – D). There are also no deadlines that can conflict when a prior action is already closed, and no briefing schedules exist for the First Action in the District Court. Irish Lesbian and Gay Organization v. Giuliani, 918 F.Supp at 729 – 730.

Further, the respective procedural postures strongly weigh against their consolidation and transfer to Judge Koeltl. For example, in Nnebe, the plaintiffs filed their second action in January 2008, eight months after the defendants moved for then-pending summary judgment in the prior action, thereby negating any substantial saving of judicial resources. Nnebe, 2008 WL 706579 at * 2. Here, Plaintiff filed the instant action three months after the disposition of the First Action, leading to Plaintiff filing a Notice of Appeal and the First Action being moved to the Second Circuit. The District Court cannot save any judicial resources under such circumstances.

### ii.    There is no Undue Burden

There is likewise no undue burden on the witnesses, who do not overlap, as the witnesses in the First Action will not have knowledge of the claims made in the instant action RDB 13(a)(1)(D). Indeed, the anticipated discovery in the instant action will not be extensive, as the allegations are straightforward and direct. The issues in the present action are equally straightforward and knowledge and mastery of the facts underlying the First Action are not necessary to understand and adjudicate an uncomplicated retaliation claim.

Given that a transfer to Judge Koeltl would not serve the interests of justice or efficiency, the case should not be reassigned. See, RDB 13(a)(1)(A – B).

### 3.    Conclusion

In light of the above, Plaintiff respectfully requests that the City's request for consolidation and transfer be denied.

We thank the Court in advance for its attention to this matter.

Respectfully Submitted,

Samuel O. Maduegbuna

SOM/clg